**<u>EXHIBIT B</u>**

**THE TRANSCRIPT**

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF NEW YORK

3    Case No. 22-41452-nhl

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    TCN LIBERTY MANAGEMENT INC.,

8

9          Debtor.

10    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11                United States Bankruptcy Court

12                271-C Cadman Plaza East

13                Brooklyn, NY 11201

14

15                February 21, 2023

16                11:00 AM

17

18

19

20

21    B E F O R E:

22    HON  NANCY HERSHEY LORD

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO:  UNKNOWN

1    HEARING re [40] Motion for Relief from Stay Fee Amount $188.

2    Filed by Jonathan B Nelson on behalf of Deutsche Bank

3    National Trust Company, as Trustee for the Registered

4    Holders of CBA Commercial Assets, Small Balance Commercial

5    Mortgage Pass-Through Certificates, Series 2006-2.

6

7    HEARING re Adj [35] Amended Application to Employ Jacobs

8    P.C. as Debtors Counsel Filed by Ilevu Yakubov on behalf of

9    TCN Liberty Management Inc.

10

11   HEARING re Adj [18] Status Conference.

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

```
 1    A P P E A R A N C E S :

 2

 3    DORF & NELSON, LLP

 4         Attorneys for U.S. Bank

 5         555 Theodore Fremd Avenue, Suite A300

 6         Rye, NY 10580

 7

 8    BY:  AARON WEISSBERG

 9

10    LAW OFFICES OF WAYNE GREENWALD

11         Attorneys for the Debtor

12         475 Park Avenue South, Floor 18

13         New York, NY 10016

14

15    BY:  WAYNE M. GREENWALD

16

17    OFFICE OF THE UNITED STATES TRUSTEE

18         Attorneys for the U.S. Trustee

19         United States Federal Building

20         201 Varick Street

21         New York, NY 10014

22

23    BY:  REEMA LATEEF

24

25
```

Page 4

1    JACOBS P.C.

2        Attorneys for the Debtor

3        595 Madison Avenue, 39th Floor

4        New York, NY 10022

5

6    BY:  JENNIFER DARTEZ

7        AARON SLAVUTIN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                      P R O C E E D I N G S

2              CLERK:  The next matter is in the cases of TCN

3      Liberty Management Inc. and QVA9 Management --

4              THE COURT:  Please -- I --  Ms. Harold, call these

5      separately, please.

6              CLERK:  Okay.  Will do.  TCN Liberty Management

7      Inc.

8              THE COURT:  Appearances.

9              MR. SLAVUTIN:  Your Honor, Aaron Slavutin with

10     Jacobs P.C., here on behalf of the Debtor, the

11     (indiscernible) agreement attorney.

12             THE COURT:  Go on.

13             MS. LATEEF:  Your Honor -- good morning, Your

14     Honor, Reema Lateef on behalf of the Office of the United

15     States Trustee.  Thank you.

16             MR. WEISSBERG:  Good morning, Your Honor.  Aaron

17     Weissberg from Dorf & Nelson on behalf of Deutsche Bank.

18             MS. DARTEZ:  Your Honor, this is Jennifer Dartez.

19     I filed a motion to appear pro hac vice on Thursday.  I

20     would like to -- with Jacobs, P.C. and the Debtor.  I would

21     like to appear on the motion to lift the stay hearing.  And

22     an order hasn't been entered yet.

23             THE COURT:  Okay.  And where are you currently

24     admitted?

25             MS. DARTEZ:  Louisiana and Washington, D.C.

1          THE COURT:  Okay.  And you're in good standing?

2          MS. DARTEZ:  In both districts because I'm doing

3     bankruptcy last 10 years since I'm in Louisiana and Texas.

4          THE COURT:  Okay.  I like Louisiana.  New Orleans?

5          MS. DARTEZ:  Yes.

6          THE COURT:  Oh, you're -- I'm so jealous.  Anyway,

7     all right.  Yeah, motion to -- motion for pro hac vice be

8     granted.  I'll will -- I'll enter the order when I see it in

9     my box.

10          MS. DARTEZ:  Thank you, Your Honor.

11          THE COURT:  And you're -- who are you coming in

12     for?

13          MS. DARTEZ:  The Debtor, TCN with Jacobs P.C.

14          THE COURT:  Oh, you're not making it easy for

15     yourself.  I'll tell you; you've got an uphill battle here,

16     I think.  All right.  So, hang on a minute.  Let's -- let's

17     see what I have here.  Let's do status first, Ms. Lateef.

18          MS. LATEEF:  Thank you, Your Honor.  Reema Lateef

19     on behalf of the Office of United States Trustee.  The

20     Debtor is current on operating reports and owes $250 in

21     quarterly fees.  We do have proof of the opening of the

22     Debtor's (indiscernible) insurance.  So, the Debtor is in

23     pretty good administrative shape.  Thank you, Your Honor.

24          THE COURT:  Okay.  And insurance, you've got

25     insurance.  Okay.  Okay.  And since the last status hearing

1    held on January 17th, the Debtor filed its demanded

2    disclosure statement and Chapter 11 plan dated February

3    14th.  And again, I see that your motion was made, Ms.

4    Dartez.  Okay.  Yeah.

5              The other items on today is the Amended

6    Application to Employ Jacobs P.C. as bankruptcy counsel.

7    And that is on actually for a hearing today.  What's the

8    position of the United States Trustee?

9              MS. LATEEF:  Your Honor, Reema Lateef on behalf of

10   the Office of the United States Trustee.  We have -- we

11   don't object.  No position.  Thank you, Your Honor.

12             THE COURT:  Well, that's a position, not

13   objecting.  One orally states on presentment, right or on

14   motion?

15             MS. LATEEF:  Yes, Your Honor.  Yes, but we have no

16   objection.

17             THE COURT:  Okay.  So, let's see what happens with

18   the case.  Well, regardless -- give me a second.  All right.

19   It's a motion for relief -- so regardless, the motion --

20   does anyone else oppose to the application for employ?  All

21   right.  The motion's granted.  You can upload an order

22   because I don't have one.  Okay.  And now --

23             MS. LATEEF:  Your Honor, Reema Lateef.  Our office

24   will upload the order.  Thank you.

25             THE COURT:  Okay.  Okay.  All right.  I have an

1    opposed motion by the secured creditor, Deutsche Bank

2    National Trust Company as trustees for the registered

3    holders of CBA Commercial Assets, Small Business -- Small

4    Balance Commercial Mortgage Pass-Through Certificates,

5    Series 2006-2.  Current order granting interim relief --

6    well, granting the relief from stay and granting the non-

7    relief, but granting the non-relief with respect to the real

8    property owned by the Debtor at 361-G55 Cleveland Street,

9    also known as the 676 Liberty Avenue, Brooklyn, New York.

10   Pursuant to 362(g)(4), and also a vacatur of the order of

11   stay pursuant to (g)(1) and (g)(2), and a waiver of the 14 -

12   day stay, and whatever else is just and proper.

13          A position  was filed by Debtor on February 14th,

14   the Movant replied -- filed a reply on February 17th.

15   Debtor filed a supplemental objection on the evening of

16   February 20.

17          Okay.  So, a commercial property.  There was one

18   prior filing in 2019 which the case hung around for a long

19   time and it was dismissed by stipulation February 6th, 2021.

20   So, again, it's the position of the -- Deutsche that they

21   lack adequate protection and alternatively that there's a

22   lack of equity and the property is not necessary for

23   effective reorganization.  And then their position is also

24   that the actions taken on the transfer to the corporate

25   entity, again, with the two filings and the timing of those

1   two filings gives me grounds on just case law and -- for --

2   in the statute -- language of the statute that's interpreted

3   by the law for (indiscernible).  Debtors opposed the motion

4   on the grounds that Deutsche Bank's interest in the property

5   is adequate to protect it from delineation in value on

6   account of normal occupational wear and tear of the

7   property.  And two, if the property's value is diminishing

8   on account of normal wear and tear, the Debtor proposes that

9   it makes adequate protection here in the amount of

10   (indiscernible) diminution.  Deutsche failed to make a prima

11   facie case to modify the automatic stay.  And they say

12   relying on (g)(2) through (g)(4), and the property is

13   necessary for an effective reorganization.

14        First Debtor states the (indiscernible) alleges

15   the interest in the property is not adequately protected

16   because the property is subject to normal occupational wear

17   and tear.  Debtor asserts the movement must show how the

18   value of the already worn-out property is decreasing.

19   Debtor's appraisal of the property dated February 7th, 2023

20   reflects that "in the current state, extensive repairs and

21   renovations must be done in order to actualize the property

22   value".  Debtor asserts that the movement fails for evidence

23   that normal occupational wear and tear further diminishes

24   the property's value, and the property requires major

25   remodeling, and cites a 1999 case.  There in the -- and the

1    tenant -- subsequent tenants (indiscernible) remodeled the

2    property.

3              And then second, the Debtor argues that

4    (indiscernible) interest in the property is found not to be

5    adequately protected, then the stay should be continued on

6    the condition of Debtor making adequate protection payments

7    on account of occupational wear and tear.  The legal fee

8    amounts to be determined by the Court.

9              Third, the Debtor argues that moving the sale to

10   establish that Debtor has no equity in the property.  And

11   I -- again, Debtor asserts that under New York law, a

12   mortgage is a mortgage, and a lien against property which

13   entitles the lienholder to an equitable remedy of

14   foreclosure.  Debtor asserts in the instant case, Movant is

15   not (indiscernible) the Debtor, only holds the lien against

16   the Debtor's property.  Therefore, Movant's only claim in

17   the bankruptcy is its right to payment through an equitable

18   remedy of foreclosure of Debtor's property, which is very

19   novel.  The Movant's claim is limited to the amount of

20   proceeds a foreclosure sale would produce.  Debtor argues

21   Movant has not proven that the payment it would receive for

22   a foreclosure sale equals, "the most commercially reasonable

23   disposition of the property," the proper measure of

24   determining whether Debtor has equity in the property.  And

25   it's citing (indiscernible), it's a Southern District case.

1    An Eastern District case -- through its plan then, intends

2    to sell the property through a bankruptcy sale which would

3    yield a greater return than a foreclosure sale.

4           Four, Debtor argues the property's not necessary

5    for the effective reorganization -- I'm sorry.  Debtor

6    argues property is necessary for effective reorganization

7    because the Debtor's proposed plan has a realistic chance of

8    being confirmed and the Debtor lacks -- lack of privity with

9    the Movant is no option for confirming the plan, and that

10   there's nothing in 1123 says (indiscernible) Debtor's

11   required to sell the property on the Debtor being in privity

12   with the lienholder.  And then the Debtor argues against the

13   In (indiscernible) relief because it says -- (indiscernible)

14   that the Debtor's act was part of the scheme to delay,

15   hinder, or defraud creditors.

16          Lastly, Debtor seeks to have sanctions imposed

17   upon Movant, and Debtor's attorney's fees for defending

18   against the motion reimbursed because (indiscernible) motion

19   is not calibrated to any real sense of whether it's entitled

20   to relief based on the tests.

21          So, let me see if I understand.  If I -- first of

22   all, so there -- I'm going to just take a look.  So, you've

23   got real estate taxes, taxes on -- small tax on compliance,

24   there's Water Board, the mortgage, some IRS, that's not so

25   big, and Con Ed.  So basically, you're talking about -- as

1    far as IRS would be priority, as the city would be a lien,

2    Water Board's a lien.  You've got basically a $619 unsecured

3    claim that would fall here.

4              So, do I understand the argument to be -- I guess

5    I'll, you know, I'll go over the other reply and stuff.  But

6    is the -- is the Debtor -- if the prior owner transfers the

7    property to another entity, in this case the corporation,

8    without the consent of the lender, so it's an -- it's not a

9    proper transfer; and therefore, there's no privity -- that

10   therefore, in the corporate bankruptcy case, they're now a

11   non-recourse and they don't have a deficiency claim.  In

12   other words, normally in a case like this, Debtor could not

13   ever prove up that the plan is necessary for effective

14   reorganization because that requires you to have a

15   confirmable plan -- or likely a confirmable plan.

16             If you have -- is this the case where the Debtor

17   said that the property's, like, worth $600,000 or something

18   because it's in such terrible shape.  Is this -- is this the

19   case, Mr. Weissberg, or the Debtor or whatever?  I mean, if

20   it's worth that little in a normal case, then the -- the

21   bank would have the huge deficiency claim, certainly would

22   control the class of unsecured creditors.  And the $613 Con

23   Ed claim would be inconsequential, and there's no -- and

24   there's no other unsecured creditors that I see.  And even

25   if there were, you'd still have -- okay.

1          So, you could never -- if you have lack of equity

2     and you have the property, not necessarily (indiscernible) -

3     - because what happens (indiscernible) cases where the

4     property is under water and a deal can't be made.  Right?

5     That motion gets granted.  Unless, again, unless you have a

6     deal to sell it in the bankruptcy.  But that motion gets

7     granted because creditor says I'm not going to -- I'm going

8     to vote no.  So you don't have an impaired class accepting

9     the claim.

10          So, are you telling me, either one of you, that

11     the company could improperly transfer the property without

12     the consent of the secured creditors -- and again, I

13     remodify loans, and we do things with those type of

14     situations.  But are you telling me that because it's now

15     not in privity that creditor -- that the unsecured portion

16     of that creditor's claim can -- doesn't occupied the

17     unsecured class, and that the only right that that creditor

18     has is the right to foreclose, and as long as the property

19     is not deteriorating -- and here -- I don't know if you're

20     saying no (indiscernible), but I'll get to that in a minute

21     -- that that -- that somebody could do that and get around

22     the requirements of the stay motion in the Chapter 11.  Is

23     somebody arguing that or am I missing the point?

24          MS. DARTEZ:  Yes, Your Honor.  What we're saying

25     is that to relieve the claim of the bank, the creditor is

1    equal to its foreclosure value.  So, they're not under

2    water.  The claim is equivalent to what they could foreclose

3    on.

4               THE COURT:  Then you're refusing to recognize that

5    they have a deficiency claim in this bankruptcy because of

6    the transfer?

7               MS. DARTEZ:  Not refusing to recognize that there

8    is no deficiency claim, so.

9               THE COURT:  Yes.  That would refusing to recognize

10   a deficiency claim.  And there's no deficiency claim because

11   of an improper transfer by the Debtor -- I mean, prior

12   transferee to the -- transferring to the Debtor.

13               MS. DARTEZ:  Lack of privity, yes.

14               THE COURT:  Now, I -- yeah, I understand that.

15   But lack of privity by an action that was unauthorized and

16   not authorized by the mortgage.  Correct?

17               MS. DARTEZ:  The transfer, I believe, was done by

18   a foreclosure sale, I believe.

19               MR. WEISSBERG:  Aaron Weissberg, that's incorrect.

20   The -- after we commenced the foreclosure action, 10 months

21   after the foreclosure action was commenced, the Debtor

22   transferred it by deed without our permission to this

23   entity.  That was a fraudulent conveyance.  It -- then the

24   Debtor, four months later, this Debtor, TLT filed for

25   bankruptcy.  That was the first bankruptcy.  That bankruptcy

1    was dismissed.  Our lift stay motion was granted in that

2    bankruptcy; the bankruptcy was dismissed.

3            THE COURT:  Well, it was dismissed by stipulation,

4    but -- according to my notes, but okay.

5            MR. WEISSBERG:  And then the foreclosure action

6    continued, and we obtained the final judgment of foreclosure

7    and sale.  And then we scheduled a foreclosure sale.  And

8    then they filed their second bankruptcy, which is this

9    bankruptcy.

10            THE COURT:  Correct.  So, I'm going to reject that

11    argument.  You know, I think that -- you know, for a whole

12    host of reasons including that you can't, you know, again,

13    bankruptcy, equity, clean hands, I don't think you can do an

14    improper transfer and then utilize the benefit of the

15    improper transfer where you took yourself -- you took

16    yourself out of privity with your lender to argue that in

17    the transferee bankruptcy, you don't have a deficiency claim

18    because you're not in privity by virtue of the fact -- of an

19    improper act.  So, that's -- that's a no.

20            And if you get an appeals court to say that's not

21    right, I'd love to read the opinion.  We respected the reply

22    by Deutsche.  Let me see how much of this I got, but maybe

23    not.  Movant argues then the argument's now positions are

24    illogical and frivolous.  I mean, I got the logic.  I might

25    agree with the frivolous part.  And that the facts and

1    history demonstrate that the instant case is clearly that's

2    what hindered, delayed, and defrauded creditors in use of

3    the bankruptcy sale.  That argument might be added to that

4    argument, by the way.  But that's lack of an argument.  But

5    okay.  The total asking debt due and owing to Movant as of

6    10/5/22 was 1,876 million, 70.06 as reflected in the

7    worksheet attachment to the moving papers.  Deutsche is the

8    owner and holder of the mortgage and underlying note.  And

9    based on Movant's appraisal, the property is valued at 1.22

10    million.  Movant asserts that there's clearly no equity,

11    whereas Movant is owing excess of 1.8 million.

12         So, is there argument on the lack of equity?

13    Everyone says there's a lack of equity, it's just a question

14    of how big a lack of equity.  But in either case, since

15    there are no other secured creditors, the deficiency claim

16    would occupy that class.  And so, therefore, you get to the

17    point that you couldn't confirm the plan because -- and let

18    me sure -- Mr. Weissberg, are you going to vote no on a

19    plan?

20         MR. WEISSBERG:  I'm going to vote no, you know.

21    You're right, Your Honor.  That's correct.

22         THE COURT:  I approach, and the Debtor seeking to

23    sell the property, it's only asset, which is a liquidation

24    not a reorganization.  But conceding the property's not

25    needed for an effective reorganization -- well, I -- you

1   know, I could see -- I -- because -- the question -- I guess

2   you're saying that there's no such thing as an effective

3   reorganization if you can't -- if you're going to a

4   liquidation.  I don't know if the case law says that because

5   obviously liquidating plans are effective reorganization.  I

6   get your point, though.  But I -- and that's not what I'm

7   going with.

8           Moving on, this Debtor admits it's not a

9   functioning business, has no income, no employees, does not

10  operate, a corporate shell, entitled -- or holds title to

11  the real property.  Oh, not entitled to -- that holds the

12  property, probably not entitled to hold property -- the

13  title.  Again, as an investment, Debtor's corporation was

14  formed on July 9th, 2019.  The date the deed was signed over

15  to the Debtor, clearly an effort to stop the foreclosure,

16  you know, and that's what most of these fraud cases look

17  like.

18          Movant argues Debtor has no realistic ability to

19  confirm a plan, Debtor's not in privity with Movant,

20  consequently Debtor's not able to apply for a loan mod.

21  Again, Debtor's a corporation.  You're the one that, you

22  know, and again, they're not entitled to use the -- use the

23  (indiscernible) that I've got -- and the Court does.

24  Further Movant argues Debtor had no realistic ability to

25  confirm a plan prior to pay down nearly 2 million in debt

1    ultimately, (indiscernible) no employees, no assets, no

2    income.  Movant asserts in its argument that Movant's

3    inability to the value of the property is both illusory and

4    illogical because the fee attachment up to the value of what

5    he owed of two of its loans to the extent the property is

6    worth less than what's owed, there is no equity, and nothing

7    left in the estate.

8              We'll note that first, the Debtor has not made any

9    adequate protection payments since he filed for bankruptcy

10   on June 22nd, 2022.  The property continues to depreciate in

11   value by not being maintained.  Their (indiscernible) has

12   the insurance paid for the expense of Movant, and Debtor has

13   not paid real estate taxes since acquiring ownership.  I

14   assume they've gotten insurance because (indiscernible)

15   would not (indiscernible) with the U.S. Trustee.  And Ms.

16   Lateef, you just reported you have proof of insurance.

17             MS. LATEEF:  Your Honor, Reema Lateef on behalf of

18   the Office of the United States Trustees.  I am working on

19   it and it's -- the insurance I see is a CGL property

20   insurance that expires on February 3rd, 2024.  I will try

21   and pull up a copy of it.  But from the page I'm looking at,

22   it does look like current insurance, Your Honor.

23             THE COURT:  Obtained by the Debtor.  Mr. Slavutin,

24   is that true?

25             MR. SLAVUTIN:  Yes.

1            THE COURT:  Okay.  Yeah, no.  So that -- so they

2     do have insurance.  But they may not be paying real estate

3     taxes, and obviously that would -- that would deplete your -

4     - make your, you know, lack of equity even greater.  All

5     right.  So, that was the response.  The Debtor's

6     supplemental objection filed last night argues that Deutsche

7     failed to establish they had standing to bring the

8     foreclosure action because it has not shown that Movant was

9     assigned a mortgage note secured by the property.

10    Specifically, Debtor argues CBA's (indiscernible) Funding,

11    LLC's (indiscernible) to Deutsche Bank assigned a note --

12    assigned a note that Pedro Rios executed a stay for CBA

13    through funding, but Deutsche did not produce this note or

14    show the special note is secured by a mortgage.  Deutsche

15    Bank evidence was secured and not executed by Pedro Rios,

16    (indiscernible) private funding.  We'll go back to this --

17    the stay status in a minute, standing in a minute.

18            But just so we're clear, again, if we're talking

19    about standing to bring a foreclosure action, that is not

20    for me to decide.  That's an argument to made in the state

21    court.  If it -- I don't know if it was or wasn't.  But

22    that's not the business of this Court.  If there's a final

23    judgment of foreclosure and sale, it's -- you know, it's res

24    judicata.  Rooker-Feldman precludes me from doing anything

25    with it.  And again, but again, that's not my issue.

1          I have an issue with to whether they have standing

2      to seek relief from stay.  And we'll go through that in a

3      minute.  Debtor argues that the mere fact that Deutsche Bank

4      allonge was attached to an allonge before the reassignment

5      of the Schooner note to CBAC is insufficient to establish

6      that Deutsche Bank allonged, which really assigned the

7      Schooner note, and not a note that Pedro Rios executed in

8      favor of CBAC allonge, states at the signing.

9          Give me a minute.  Give me a minute.  Let me go

10     back.  And so, therefore, Debtor asserts Deutsche Bank has

11     failed to establish standing.

12         All right.  When we looked at this motion for

13     relief, and we look at this issue in every motion for

14     relief, the documents appear to show proper standing.  The

15     noted mortgage attached to the motion are executed by Pedro

16     Rios in favor or Schooner Private Funding Corp.  The

17     mortgage was first assigned to (indiscernible), then

18     assigned to Deutsche as Trustee for the registered holder of

19     CBA Commercial Assets Small Balance Commercial Mortgage

20     Pass-through Certificate, Series 2006-2, which is our

21     current Movant.  There were also two allonges to the note.

22     The first one is pay to the order of CBAC Funding LLC, drawn

23     by a commercial loan executive of Schooner, and the second

24     is endorsed in blank and signed by the executive vice

25     president of CBAC Funding.

1          Okay.  Service of the motion for relief is timely,

2     proper, and again, we see attached -- we see all the

3     exhibits attached.  And they signed it to remove, is the

4     next -- is Exhibit D.  And next to Exhibit A there's a copy

5     of an allonge to the note which is endorsed in blank by

6     Movant's predecessor in interest, CBAC.

7          Mr. Weissberg, is your client in possession of the

8     note?

9          MR. WEISSBERG:  Yes.

10         THE COURT:  You're sure?

11         MR. WEISSBERG:  Yes.  My client -- the loan

12    servicer, PHH, acts as its agent and has evolved, and it's

13    maintained by the loan servicer.  But that's acting on

14    behalf of the Deutsche --

15         THE COURT:  Right.  So they have -- they have the

16    note.

17         MR. WEISSBERG:  They have the note.

18         THE COURT:  Okay.  You don't see a problem with

19    standing?  I don't see a problem with standing.  Again, I

20    could -- you take me up on appeal.  I don't see a problem

21    with standing.

22         Everyone agrees there's a lack of equity.  The

23    property is not necessary for an effective reorganization in

24    my view because, again, they can't confirm a plan over the

25    objection of Mr. Weissberg because there's a deficiency.

1    And they can't do an improper transfer to argue that there's

2    no privity and therefore not a deficiency claim.

3            And we have -- I mean, again, I am -- this was

4    tried before.  Okay?  And was it that relief from stay was

5    granted and then the case was stipulated to be dismissed by

6    the United States Trustee?

7            MR. WEISSBERG:  Aaron Weissberg.  That's correct.

8    That's my understanding.

9            THE COURT:  Okay.  This was tried before.  Motion

10   for relief was granted, (indiscernible).  Okay?  Assuming

11   you're going to try it again, the way we try it again is to

12   walk into my court with an argument that we can sell for a

13   higher price.  And again, it's not even close.  If it's only

14   worth 600,000, whatever it is, you've got to sell it for a

15   much, much, much higher price.  But the way you do that as

16   you walk in and you immediately -- you can file a claim or

17   not, but you immediately notice a sale.  And that wasn't

18   done here.

19           Now, we're talking about, okay, we'll sell under

20   -- we'll sell with the plan.  The Movant here hasn't seen a

21   payment since 2011 on the loan, and not since the bankruptcy

22   filed in June 2022, and there's no equity cushion.  So,

23   there's no adequate protection.  I don't think in good faith

24   you can walk in now and say, oh, motion for relief.  It

25   looks like a winner; we'll give you adequate protection.  I

1    don't believe you can do that.

2              I'll hear from everybody before I rule, and then

3    we'll talk about whether this should be in REM or not.  Mr.

4    Weissberg first.

5              MR. WEISSBERG:  Thank you, Your Honor.  Your Honor

6    did an excellent job in covering kind of the background in

7    the motion papers.  So I -- I'm -- I won't cover the grounds

8    that you've already covered.  I'll just try to keep it brief

9    if that makes sense.  So, we borrowed a (indiscernible) --

10   in October 2006, borrowed $630,000 from Deutsche Bank's

11   predecessor through private funding.  There was a note when

12   the mortgage signed, securing the real property.  Then there

13   was loan modification after that in 2009 for the new

14   principal amount of $649,041.

15             THE COURT:  That was -- that loan mod was with Mr.

16   Rios?

17             MR. WEISSBERG:  Yes.  That's correct, Your Honor.

18             THE COURT:  Thank you.

19             MR. WEISSBERG:  And the note and the mortgage were

20   ultimately assigned to Deutsche Bank.  And in August 1st,

21   2011 the Debtor had -- the borrower had failed -- defaulted

22   by failing to make payments.  We have not received a payment

23   since August of the year 2011.  They commenced on the

24   initial foreclosure in 2012, but that was dismissed, and we

25   recommenced the new foreclosure action in October 3rd, 2018.

1    Rios -- 10 months after that foreclosure action was

2    commenced, on July 9th, 2019 we were granted titled to the

3    Debtor by deed that was recorded July 16th, 2019.  That

4    would be Exhibit F through the motion papers.  And then four

5    months later on November 11th, 2019 the Debtor filed a

6    voluntary petition for the Chapter 11 bankruptcy in this

7    Court.  On Deutsche Bank's motion, the Court granted the

8    order granting relief from the automatic stay on October

9    25th, 2020.  And that's Exhibit H in the motion.

10            So thereafter, and it's in state court, the final

11    judgment of foreclosure and sale, dated January 28th, 2022

12    and entered February 7th, 2022 was entered, directing

13    Deutsche Bank to proceed with the scheduled foreclosure

14    sale.  And the foreclosure sale was scheduled for June 23rd,

15    2022.  A notice of sale was served and filed.  And on the

16    eve of that foreclosure sale, June 22nd, 2022, TCN Liberty

17    Management filed for a Chapter 11 thereby staying the

18    foreclosure sale.  And if we move forward, the Debtor in

19    this case only seeks to sell the property, which is his only

20    asset.  It's only seeking to liquidate the property.

21            There's no -- the corporate entity has no

22    employes, no income.  All the schedules and financing that

23    we filed with the bankruptcy court show it has no income, no

24    equity, no assets, and has no realistic ability to confirm a

25    plan of reorganization.

1       As Your Honor had already indicated, we would

2   absolutely object to any reorganization plan proposed by the

3   Debtor.  We're owed $1,876,007.06.  Aa -- and according to

4   our estimate, the value of the property is $1,220,000.  So,

5   there's clearly no equity left in the property.

6       In the Debtor's application, they acknowledge that

7   there's no equity and their only intent is to try to sell

8   the property.

9       THE COURT:  And again, I don't know for what

10  purpose.  I mean, I'm just -- I mean, it's just totally lost

11  on me.  Creditor -- I mean, I don't get it.  That's -- you

12  know, again, it would be a sale for your benefit only.  And

13  you don't want it.  You don't want -- you don't want to --

14  you're saying, no thank you.

15      MR. WEISSBERG:  Yes.  That's exactly right, Your

16  Honor.  And in any sale would yield no equity to the estate,

17  and so it makes no sense.  It's illogical.  The monthly

18  operating reports, and the Exhibit P and Q to our motion

19  papers, also documenting and show that the Debtor has no

20  employees, no income, no assets, nothing, And no effective

21  means of reorganizing.  They don't intend, at all, to rent

22  and utilize the property.  And based upon the history, which

23  is the (indiscernible) filing, and we should be granted

24  relief from stay as well as interim relief.

25      I would like to note that the papers that were

1    filed yesterday by the Debtor of -- ineffective service by -

2    - was without relief of court.  It's not appropriate to make

3    a new arguments for the first time in a sur-reply.  I

4    certainly didn't have an opportunity to address them, but

5    Your Honor did go through them.  And then I will say that I

6    agree with everything that Your Honor has indicated.  That

7    there is no -- the Debtor does not have the ability or the

8    right to challenge whether we have standing to sell the

9    property in foreclosure.  We already have a judgment of

10   foreclosure and sale.  That's a final judgment.  Rooker-

11   Feldman --

12            THE COURT:  Right.  Well, Rooker-Feldman precludes

13   me from touching that issue.

14            MR. WEISSBERG:  Yes, Your Honor.  And based on the

15   timing, as far as the interim relief, based on the timing of

16   the transfer of the property from the borrower to the

17   Debtor, it was formed literally the day --

18            THE COURT:  And I have all that.

19            MR. WEISSBERG:  Okay.

20            THE COURT:  You don't need to argue that.  I know

21   you want to, you know, talk about the -- I mean, I'll --

22   that's okay.  I've got -- I've got the time.  Who wants to

23   speak on behalf of the Debtor?  I've gotten more than one --

24   more than one box.

25            MS. DARTEZ:  I'll start, Your Honor.  Jennifer

1    Dartez on behalf of the Debtor.  Your Honor, I'd first like

2    to go back to standing.  I think the case rises and falls in

3    standing, which can be raised at any time.  We filed an

4    objection to their proof of claim, Claim Number 3-1, for the

5    simple fact that they haven't evidenced in that proof of

6    claim that there is an investment of the mortgage note

7    underlying the Debtor assignment of the mortgage.  They may

8    state that the -- Deutsche Bank may state that they're

9    servicers in possession, but I do not see it in the allonges

10   on the proof of claim.  They don't have standing, not

11   necessarily for foreclosure but for this bankruptcy.  And in

12   fact, (indiscernible) proof of claim.

13          THE COURT:  Yeah, and foreclosure -- standing for

14   the foreclosure is done.  Standing for the motion for relief

15   from stay, Mr. Weissberg, I take you on your word before I

16   enter relief.  If you haven't put it in the -- if it's not

17   in your affidavit or an affidavit, file an affidavit,

18   indicating that your client or a servicer on your behalf has

19   possession of the note.  And anyway -- again, it was -- it

20   was -- it was in blank, in any event.  But -- so, it doesn't

21   trouble me.  But I'll -- if you want that affidavit before I

22   enter the order, Mr. Weissberg, I'm sure we'll arrange for

23   it.  Go ahead.

24          MS. DARTEZ:  All right.  Yes, Jennifer Dartez

25   again, Your Honor.  We would never reiterate our point of

1    view that there is a -- there is not a lack of equity in the

2    property despite any allegations of improper transfer, that

3    their equity is equal to the amount of the foreclosure.

4    That is their amount in bankruptcy.  And under a 363 sale,

5    they will -- which typically renders a higher value than in

6    a foreclosure sale, that there is equity in the property.

7                THE COURT:  You can go from 600,000 to a 1.8

8    million?  You think?  Because boy, Ms. Dartez, if you do

9    that, I'll hire you to sell all my real estate.

10                MS. DARTEZ:  And then, Your Honor, Jennifer Dartez

11    again.  We would oppose any end-run relief in this case.  We

12    don't think it's fair given the circumstances they're

13    proposing.  But we believe that reorganization through the

14    sale would be valuable to the creditors at hand.

15                THE COURT:  Okay.  Well, maybe you should have --

16    somebody should have done that in the first bankruptcy right

17    away.  Anybody else for the Debtor?  No.

18                MR. SLAVUTIN:  Nothing here, Your Honor.

19                MR. GREENWALD:  Your Honor, Wayne Greenwald just

20    noting my appearance.

21                THE COURT:  Oh, okay.  We'll add you.  From the

22    Debtor, right?

23                MR. GREENWALD:  From the Debtor, yes, special

24    counsel -- counsel to --

25                THE COURT:  Okay.  I have a question if somebody

1    knows the answer.  What was the relationship between Mr.

2    Rios and Mr. Boracoff?  Anybody know?

3              MR. GREENWALD:  I'm not aware -- (indiscernible),

4    for the Debtor.  I'm unaware, Your Honor.

5              THE COURT:  Mr. Boracoff is the principal of this

6    case, right?

7              MR. GREENWALD:  Correct.

8              THE COURT:  Okay.  Not Mr. Rios?

9              MR. GREENWALD:  Correct.

10             THE COURT:  Okay.  So, Mr. Rios plans for the

11   property to TCN Liberty and you don't know if he had an

12   involvement at the time of the transfer?

13             MR. GREENWALD:  I don't, Your Honor.

14             THE COURT:  Okay.  But would he have transferred

15   it for -- what was the consideration?  Anybody know?  The

16   states consideration?

17             MR. GREENWALD:  Your Honor, we --

18             MR. WEISSBERG:  (indiscernible).  I'm sorry, I

19   don't --

20             MR. GREENWALD:  (indiscernible).  I don't -- I

21   don't know.

22             THE COURT:  Okay.  Okay.  Motion for relief from

23   stay is granted.  The property lacks equity and is not

24   necessary for effectively reorganization by reason of the

25   records, that is what I said earlier because I could not --

1    could not confirm a plan over the objection of Mr.

2    Weissberg's client.  With respect to a lack of adequate

3    protection, there's also a lack of adequate protection.  In

4    addition to the fact that the property deteriorates, I think

5    (indiscernible).  The -- and there hasn't been an adequate

6    protection payment made or any payment made in either of the

7    Chapter 11s and the offers due at the out was way too little

8    way too late.  And there -- there is that.

9            With respect to standing, based upon the

10   attachments to the motion, we see that there is standing.  I

11   don't even believe that based upon the fact that its

12   noticed, endorsed in blank that I need this, but just to put

13   a final, you know, touches on this thing, I'll ask Mr.

14   Weissberg to have a affidavit entered by the whoever is in

15   possession of the note.  That could be the servicer.

16           MR. WEISSBERG:  Aaron Weissberg, Your Honor.  I

17   just notice the relief from stay worksheet on page 5, where

18   it says certification from the business records.

19           THE COURT:  It adds it?

20           MR. WEISSBERG:  It says, I further certify that

21   the Movant is in possession of the note.

22           THE COURT:  Thank you.  I didn't know -- I didn't

23   know if you'd filed that in this case, but that's fine.

24   Okay.  Then there's no need for the affidavit.  On its face,

25   there's no question.  That's why we have that worksheet, and

1    that certification.  Okay.

2         With respect to interim relief, here's what I've

3    got to say.  I'll be with you in a second, I'm going to go

4    to Word, let's see.  Sorry.  Regarding interim relief,

5    here's the relevant time line.  On October 12th, 2006 Pedro

6    Rios borrowed the sum of $630,000 from (indiscernible)

7    private funding corp. and executed a mortgage

8    (indiscernible) for his property in the stated amount

9    registered in Kings County office on December 8th, 2006.

10   That mortgage was assigned to Movant as of October 12th,

11   2009, recording the same day.  On October 21st, 2009, the

12   loan modified to consolidate the remaining unpaid principal

13   balance which made the principal in amount of 694 -- sorry,

14   $649,041.07.  Mr. Rios defaulted in the terms of the

15   mortgage with a payment due August 1st, 2011 and each month

16   thereafter.

17        (indiscernible) commenced the foreclosure action

18   on October 11th, 2012.  The action was ultimately dismissed.

19   Don't know why, but irrelevant.  Rios commenced the other

20   foreclosure action on October 3rd, 2018.  On July 9th, 2019,

21   Rios granted title to the subject property to the Debtor.  I

22   have the answer to my question, in consideration of $10.

23   That that was the fee of consideration.  On November 11th,

24   2019 Debtor filed his first Chapter 11 petition staying the

25   foreclosure action.

1          On October 25th, 2020, the Court entered an order

2    granting relief from stay motion for the first case;

3    obviously, because there was a basis to do it.  The same

4    court issue a judgment of foreclosure and sale and that's

5    entered February 7th, 2022.  Dated January 18th, 2022, was

6    directed to proceed with scheduling a public commercial

7    foreclosure auction and sale.  A sale was scheduled for June

8    23rd, 2022 with notice of sale written, served, and filed

9    back on February 18th, 2022.  On the evening of the sale,

10   June 22, 2022, TCN Liberty Management filed the current

11   Chapter 11 Bankruptcy petition staying the sale.

12          Then we found Mr. Rios first transferred the

13   property to the Debtor about nine months after the second

14   foreclosure action commenced, and then Debtor filed again,

15   (indiscernible).  And then Debtor filed its first petition

16   about four months after the property was transferred to it

17   for little to no consideration.

18          The first bankruptcy stayed the pending

19   foreclosure action after this Court allowed the parties to

20   return to state court, Movant got his judgment for closure

21   and sale.  Proceeds to go to sale, but the sale was stayed

22   by the current petition.

23          So, there are two bankruptcies affecting the real

24   property.  And there was a transfer of the property without

25   the consent of the secured creditors, the (indiscernible)

1    for little or no consideration.  Additionally, both

2    petitions were filed bare bones and all positions were

3    corrected each after the filing which indicates that the

4    timing of filing was contingent.

5           Generally, two filings by themselves are not a

6    basis for my granting interim relief.  But I do not believe

7    that's true here.  Here, I believe interim relief is

8    appropriate.  I have to do something to keep somebody from

9    doing this again because I think they will.  I issued the

10   stay once.  I've now (indiscernible) the stay twice.  And

11   nothing is going to magically change the facts of the case.

12   If you pair the two filings with the transfer of the

13   property, you've got the basis for interim relief.

14   362(d)(4) provides that with respect to a stay and acts

15   against real property under the subsection A, by a creditor

16   whose claim's secured by an interest in real property.

17           The Court finds that the filing of the petition is

18   part of scheme to delay, hinder, or defraud creditors that

19   involve either A, transfer all or part ownership of, or

20   other interest in such property without the consent of the

21   secured creditor or court approval, or multiple bankruptcy

22   filings (indiscernible) the real property.  11 U.S.C.

23   352(b)(4).

24           I have both here.  In order to establish its

25   entitled to relief pursuant to 352(c)(4)(B), the secured

1   creditor has the burden of establishing at the time of

2   bankruptcy filing as part of the scheme to hinder, delay,

3   and defraud the bank.  In re Lemma, 394 B.R. 315-324 (Bankr.

4   E.D.N.Y. 2008).

5          The fact that the Debtor has filed multiple

6   bankruptcy cases in and of itself is not sufficient cause

7   for relief under this section.  See In re Lemma, 394 B.R.

8   315-324.  However, an attempt to hinder, delay, and defraud

9   can be inferred from the following multiple of bankruptcies

10  when the filings are deficient, strategically timed or

11  otherwise indicate bad faith.  In re Montalvo, 416 B.R. 381

12  (Bankr. E.D.N.Y. 2009), finding six strategically timed

13  deficient bankruptcy filings were sufficient to find that

14  the sixth bankruptcy was part of a scheme to hinder, delay,

15  or defraud and interim was appropriate.

16         Okay.  And then in In Re Richmond, 513 B.R. 34-38

17  (Bankr. E.D.N.Y. 2014), finding that two bankruptcy filings

18  on the eve of scheduled foreclosure sales means the Debtor

19  was repeatedly attempting to collaterally attack the

20  foreclosure judgment in the property not part of debtor's

21  estate provided sufficient cause to grant interim relief.

22         Now, with everything I said before and I will tell

23  you that I think that the arguments made here, I have enough

24  without that.  But I think the arguments made here show,

25  again, they may be creative, but they're totally frivolous.

1     That this thing should be (indiscernible) by a bankruptcy

2     court with this kind of a lack of equity, and the idea that

3     the -- an improper action to cause the creditor did not have

4     privity or did not have a deficiency claim -- again, I'm not

5     even going you give you an A for creativity.  But I will

6     tell you that that convinces me that if I don't give interim

7     relief this Debtor is going to be back.  This Debtor should

8     never have come back this time.  And if this Debtor did come

9     back this time, in its very, very first motion could have

10    been a first-day order, should have been a motion to sell.

11    Because Judge, you know, you're going to get more.  But

12    again, it's not even close.  We're good here, we're not that

13    good.

14          So, I don't even believe that -- and who would it

15    even have benefited for?  I don't know.  It was -- again,

16    there was such a -- this property is so under water, there's

17    no point.  It's futile.  So, I'll, you know, maybe I'm doing

18    everybody a favor here including the Debtor or the Debtor's

19    principal.  But again, not every investment works out.  This

20    one didn't work out.

21          Motion for relief from stay granted, interim

22    relief granted.  Mr. Weissberg, upload an order.  I don't --

23    I don't waive the 14-day stay.  So, there's no waiver and no

24    fees.  So, you won that, Ms. Dartez, no waiver, no fees.

25    And you can upload an order.

Page 36

1          Again, now, with respect to whether you want to

2     stipulate to dismiss, or U.S. Trustee makes a motion to

3     dismiss, I'll just -- I'll give you an adjourn date for

4     that.  And that is -- so on the record, the order.

5          CLERK:  Judge, there is a claims objection motion

6     on March 28th at 11:00 on TCN.  Did we want to use that

7     date?

8          THE COURT:  What claim are they objecting to?

9     This one?

10         THE CLERK:  I believe so.

11         MR. WEISSBERG:  Yes, Your Honor.

12         THE COURT:  So you're going to be -- it's going to

13     be moot.  But what's the date?

14         CLERK:  March 28th at 11:00.

15         THE COURT:  Okay.  All right.  Thank you.  All

16     right.  Now, let's go call the other case.

17         (Whereupon these proceedings were concluded at

18     12:18 PM)

19

20

21

22

23

24

25

1                        **I N D E X**

2

3                           RULINGS

4                                          Page      Line

5    Motion for relief granted              35        21

6    Motion for interim relief granted      35        22

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6     *[signature: Sonya M. Ledanski Hyde]*

7

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  March 1, 2023

**&**

**&**  3:3 5:17

**1**

**1**  8:11 38:25
**1,220,000**  25:4
**1,876**  16:6
**1,876,007.06.**
  25:3
**1.22**  16:9
**1.8**  16:11 28:7
**10**  6:3 14:20
  24:1 31:22
**10/5/22**  16:6
**10014**  3:21
**10016**  3:13
**10022**  4:4
**10580**  3:6
**11**  7:2 13:22
  24:6,17 31:24
  32:11 33:22
**11201**  1:13
**1123**  11:10
**11501**  38:23
**11:00**  1:16 36:6
  36:14
**11s**  30:7
**11th**  24:5
  31:18,23
**12151**  38:6
**12:18**  36:18
**12th**  31:5,10
**14**  8:11 35:23
**14th**  7:3 8:13
**16th**  24:3
**17th**  7:1 8:14

**18**  2:11 3:12
**188**  2:1
**18th**  32:5,9
**1999**  9:25
**1st**  23:20 31:15

**2**

**2**  8:11 9:12
  17:25
**20**  8:16
**2006**  23:10
  31:5,9
**2006-2**  2:5 8:5
  20:20
**2008**  34:4
**2009**  23:13
  31:11,11 34:12
**201**  3:20
**2011**  22:21
  23:21,23 31:15
**2012**  23:24
  31:18
**2014**  34:17
**2018**  23:25
  31:20
**2019**  8:18
  17:14 24:2,3,5
  31:20,24
**2020**  24:9 32:1
**2021**  8:19
**2022**  18:10
  22:22 24:11,12
  24:15,16 32:5
  32:5,8,9,10
**2023**  1:15 9:19
  38:25
**2024**  18:20

**21**  1:15 37:5
**21st**  31:11
**22**  32:10 37:6
**22-41452**  1:3
**22nd**  18:10
  24:16
**23rd**  24:14
  32:8
**250**  6:20
**25th**  24:9 32:1
**271**  1:12
**28th**  24:11
  36:6,14

**3**

**3-1**  27:4
**300**  38:22
**315-324**  34:3,8
**330**  38:21
**34-38**  34:16
**35**  2:7 37:5,6
**352**  33:23,25
**361**  8:8
**362**  8:10 33:14
**363**  28:4
**381**  34:11
**394**  34:3,7
**39th**  4:3
**3rd**  18:20
  23:25 31:20

**4**

**4**  8:10 9:12
  33:14,23,25
**40**  2:1
**416**  34:11
**475**  3:12

**5**

**5**  30:17
**513**  34:16
**555**  3:5
**595**  4:3

**6**

**600,000**  12:17
  22:14 28:7
**613**  12:22
**619**  12:2
**630,000**  23:10
  31:6
**649,041**  23:14
**649,041.07.**
  31:14
**676**  8:9
**694**  31:13
**6th**  8:19

**7**

**70.06**  16:6
**7th**  9:19 24:12
  32:5

**8**

**8th**  31:9

**9**

**9th**  17:14 24:2
  31:20

**a**

**a300**  3:5
**aa**  25:3
**aaron**  3:8 4:7
  5:9,16 14:19
  22:7 30:16
**ability**  17:18
  17:24 24:24

26:7
**able** 17:20
**absolutely** 25:2
**accepting** 13:8
**account** 9:6,8
  10:7
**accurate** 38:4
**acknowledge**
  25:6
**acquiring**
  18:13
**act** 11:14 15:19
**acting** 21:13
**action** 14:15,20
  14:21 15:5
  19:8,19 23:25
  24:1 31:17,18
  31:20,25 32:14
  32:19 35:3
**actions** 8:24
**acts** 21:12
  33:14
**actualize** 9:21
**actually** 7:7
**add** 28:21
**added** 16:3
**addition** 30:4
**additionally**
  33:1
**address** 26:4
**adds** 30:19
**adequate** 8:21
  9:5,9 10:6 18:9
  22:23,25 30:2
  30:3,5
**adequately**
  9:15 10:5

**adjourn** 36:3
**administrative**
  6:23
**admits** 17:8
**admitted** 5:24
**affecting** 32:23
**affidavit** 27:17
  27:17,17,21
  30:14,24
**agent** 21:12
**agree** 15:25
  26:6
**agreement**
  5:11
**agrees** 21:22
**ahead** 27:23
**allegations**
  28:2
**alleges** 9:14
**allonge** 20:4,4
  20:8 21:5
**allonged** 20:6
**allonges** 20:21
  27:9
**allowed** 32:19
**alternatively**
  8:21
**amended** 2:7
  7:5
**amount** 2:1 9:9
  10:19 23:14
  28:3,4 31:8,13
**amounts** 10:8
**answer** 29:1
  31:22
**anybody** 28:17
  29:2,15

**anyway** 6:6
  27:19
**appeal** 21:20
**appeals** 15:20
**appear** 5:19,21
  20:14
**appearance**
  28:20
**appearances**
  5:8
**application** 2:7
  7:6,20 25:6
**apply** 17:20
**appraisal** 9:19
  16:9
**approach**
  16:22
**appropriate**
  26:2 33:8
  34:15
**approval** 33:21
**argue** 15:16
  22:1 26:20
**argues** 10:3,9
  10:20 11:4,6
  11:12 15:23
  17:18,24 19:6
  19:10 20:3
**arguing** 13:23
**argument** 12:4
  15:11 16:3,4,4
  16:12 18:2
  19:20 22:12
**argument's**
  15:23
**arguments**
  26:3 34:23,24

**arrange** 27:22
**asking** 16:5
**asserts** 9:17,22
  10:11,14 16:10
  18:2 20:10
**asset** 16:23
  24:20
**assets** 2:4 8:3
  18:1 20:19
  24:24 25:20
**assigned** 19:9
  19:11,12 20:6,7
  20:17,18 23:20
  31:10
**assignment**
  27:7
**assume** 18:14
**assuming**
  22:10
**attached** 20:4
  20:15 21:2,3
**attachment**
  16:7 18:4
**attachments**
  30:10
**attack** 34:19
**attempt** 34:8
**attempting**
  34:19
**attorney** 5:11
**attorney's**
  11:17
**attorneys** 3:4
  3:11,18 4:2
**auction** 32:7
**august** 23:20
  23:23 31:15

**authorized** 14:16
**automatic** 9:11 24:8
**avenue** 3:5,12 4:3 8:9
**aware** 29:3

**b**

**b** 1:21 2:2 33:23,25
**b.r.** 34:3,7,11 34:16
**back** 19:16 20:10 27:2 32:9 35:7,8,9
**background** 23:6
**bad** 34:11
**balance** 2:4 8:4 20:19 31:13
**bank** 2:2 3:4 5:17 8:1 12:21 13:25 19:11,15 20:3,6,10 23:20 24:13 27:8 34:3
**bank's** 9:4 23:10 24:7
**bankr** 34:3,12 34:17
**bankruptcies** 32:23 34:9
**bankruptcy** 1:1,11,23 6:3 7:6 10:17 11:2 12:10 13:6 14:5,25,25,25

15:2,2,8,9,13 15:17 16:3 18:9 22:21 24:6,23 27:11 28:4,16 32:11 32:18 33:21 34:2,6,13,14 34:17 35:1
**bare** 33:2
**based** 11:20 16:9 25:22 26:14,15 30:9 30:11
**basically** 11:25 12:2
**basis** 32:3 33:6 33:13
**battle** 6:15
**behalf** 2:2,8 5:10,14,17 6:19 7:9 18:17 21:14 26:23 27:1,18
**believe** 14:17 14:18 23:1 28:13 30:11 33:6,7 35:14 36:10
**benefit** 15:14 25:12
**benefited** 35:15
**big** 11:25 16:14
**blank** 20:24 21:5 27:20 30:12

**board** 11:24
**board's** 12:2
**bones** 33:2
**boracoff** 29:2,5
**borrowed** 23:9 23:10 31:6
**borrower** 23:21 26:16
**box** 6:9 26:24
**boy** 28:8
**brief** 23:8
**bring** 19:7,19
**brooklyn** 1:13 8:9
**building** 3:19
**burden** 34:1
**business** 8:3 17:9 19:22 30:18

**c**

**c** 1:12 3:1 5:1 33:25 38:1,1
**cadman** 1:12
**calibrated** 11:19
**call** 5:4 36:16
**case** 1:3 7:18 8:18 9:1,11,25 10:14,25 11:1 12:7,10,12,16 12:19,20 16:1 16:14 17:4 22:5 24:19 27:2 28:11 29:6 30:23 32:2 33:11 36:16

**cases** 5:2 13:3 17:16 34:6
**cause** 34:6,21 35:3
**cba** 2:4 8:3 19:12 20:19
**cba's** 19:10
**cbac** 20:5,8,22 20:25 21:6
**certainly** 12:21 26:4
**certificate** 20:20
**certificates** 2:5 8:4
**certification** 30:18 31:1
**certified** 38:3
**certify** 30:20
**cgl** 18:19
**challenge** 26:8
**chance** 11:7
**change** 33:11
**chapter** 7:2 13:22 24:6,17 30:7 31:24 32:11
**circumstances** 28:12
**cites** 9:25
**citing** 10:25
**city** 12:1
**claim** 10:16,19 12:3,11,21,23 13:9,16,25 14:2,5,8,10,10 15:17 16:15

22:2,16 27:4,4
27:6,10,12
35:4 36:8
**claim's** 33:16
**claims** 36:5
**class** 12:22
13:8,17 16:16
**clean** 15:13
**clear** 19:18
**clearly** 16:1,10
17:15 25:5
**clerk** 5:2,6
36:5,10,14
**cleveland** 8:8
**client** 21:7,11
27:18 30:2
**close** 22:13
35:12
**closure** 32:20
**collaterally**
34:19
**come** 35:8,8
**coming** 6:11
**commenced**
14:20,21 23:23
24:2 31:17,19
32:14
**commercial**
2:4,4 8:3,4,17
20:19,19,23
32:6
**commercially**
10:22
**company** 2:3
8:2 13:11
**compliance**
11:23

**con** 11:25
12:22
**conceding**
16:24
**concluded**
36:17
**condition** 10:6
**conference**
2:11
**confirm** 16:17
17:19,25 21:24
24:24 30:1
**confirmable**
12:15,15
**confirmed** 11:8
**confirming**
11:9
**consent** 12:8
13:12 32:25
33:20
**consequently**
17:20
**consideration**
29:15,16 31:22
31:23 32:17
33:1
**consolidate**
31:12
**contingent**
33:4
**continued** 10:5
15:6
**continues**
18:10
**control** 12:22
**conveyance**
14:23

**convinces** 35:6
**copy** 18:21
21:4
**corp** 20:16
31:7
**corporate** 8:24
12:10 17:10
24:21
**corporation**
12:7 17:13,21
**correct** 14:16
15:10 16:21
22:7 23:17
29:7,9
**corrected** 33:3
**counsel** 2:8 7:6
28:24,24
**country** 38:21
**county** 31:9
**court** 1:1,11
5:4,8,12,23 6:1
6:4,6,11,14,24
7:12,17,25
10:8 14:4,9,14
15:3,10,20
16:22 17:23
18:23 19:1,21
19:22 21:10,15
21:18 22:9,12
23:15,18 24:7
24:7,10,23
25:9 26:2,12
26:18,20 27:13
28:7,15,21,25
29:5,8,10,14
29:22 30:19,22
32:1,4,19,20

33:17,21 35:2
36:8,12,15
**cover** 23:7
**covered** 23:8
**covering** 23:6
**creative** 34:25
**creativity** 35:5
**creditor** 8:1
13:7,15,17,25
25:11 33:15,21
34:1 35:3
**creditor's**
13:16
**creditors** 11:15
12:22,24 13:12
16:2,15 28:14
32:25 33:18
**current** 6:20
8:5 9:20 18:22
20:21 32:10,22
**currently** 5:23
**cushion** 22:22

**d**

**d** 5:1 21:4
33:14 37:1
**d.c.** 5:25
**dartez** 4:6 5:18
5:18,25 6:2,5
6:10,13 7:4
13:24 14:7,13
14:17 26:25
27:1,24,24
28:8,10,10
35:24
**date** 17:14 36:3
36:7,13 38:25

| | | | |
|---|---|---|---|
| **dated** 7:2 9:19 24:11 32:5 | **debtors** 2:8 9:3 | **deteriorating** 13:19 | **doing** 6:2 19:24 33:9 35:17 |
| **day** 8:12 26:17 31:11 35:10,23 | **december** 31:9 | **determined** 10:8 | **dorf** 3:3 5:17 |
| **deal** 13:4,6 | **decide** 19:20 | **determining** 10:24 | **drawn** 20:22 |
| **debt** 16:5 17:25 | **decreasing** 9:18 | **deutsche** 2:2 5:17 8:1,20 9:4 | **due** 16:5 30:7 31:15 |
| **debtor** 1:9 3:11 4:2 5:10,20 | **deed** 14:22 17:14 24:3 | 9:10 15:22 16:7 19:6,11 | **e** |
| 6:13,20,22 7:1 8:8,13,15 9:8 | **defaulted** 23:21 31:14 | 19:13,14 20:3 20:6,10,18 | **e** 1:21,21 3:1,1 5:1,1 37:1 38:1 |
| 9:14,17,22 10:3,6,9,10,11 | **defending** 11:17 | 21:14 23:10,20 24:7,13 27:8 | **e.d.n.y.** 34:4,12 34:17 |
| 10:14,15,20,24 11:4,5,8,11,12 | **deficiency** 12:11,21 14:5 | **diminishes** 9:23 | **earlier** 29:25 |
| 11:16 12:6,12 12:16,19 14:11 | 14:8,10,10 15:17 16:15 | **diminishing** 9:7 | **east** 1:12 |
| 14:12,21,24,24 16:22 17:8,15 | 21:25 22:2 35:4 | **diminution** 9:10 | **eastern** 1:2 11:1 |
| 17:18,24 18:8 18:12,23 19:10 | **deficient** 34:10 34:13 | **directed** 32:6 | **easy** 6:14 |
| 20:3,10 23:21 24:3,5,18 25:3 | **defraud** 11:15 33:18 34:3,8 | **directing** 24:12 | **ecro** 1:25 |
| 25:19 26:1,7 26:17,23 27:1 | 34:15 | **disclosure** 7:2 | **ed** 11:25 12:23 |
| 27:7 28:17,22 28:23 29:4 | **defrauded** 16:2 | **dismiss** 36:2,3 | **effective** 8:23 9:13 11:5,6 |
| 31:21,24 32:13 32:14,15 34:5 | **delay** 11:14 33:18 34:2,8 | **dismissed** 8:19 15:1,2,3 22:5 | 12:13 16:25 17:2,5 21:23 |
| 34:18 35:7,7,8 35:18 | 34:14 | 23:24 31:18 | 25:20 |
| **debtor's** 6:22 9:19 10:16,18 | **delayed** 16:2 | **disposition** 10:23 | **effectively** 29:24 |
| 11:7,10,14,17 17:13,19,20,21 | **delineation** 9:5 | **district** 1:2 10:25 11:1 | **effort** 17:15 |
| 19:5 25:6 34:20 35:18 | **demanded** 7:1 | **districts** 6:2 | **either** 13:10 16:14 30:6 |
| | **demonstrate** 16:1 | **documenting** 25:19 | 33:19 |
| | **deplete** 19:3 | **documents** 20:14 | **employ** 2:7 7:6 7:20 |
| | **depreciate** 18:10 | | **employees** 17:9 18:1 25:20 |
| | **despite** 28:2 | | **employes** 24:22 |
| | **deteriorates** 30:4 | | |

**endorsed** 20:24
21:5 30:12
**enter** 6:8 27:16
27:22
**entered** 5:22
24:12,12 30:14
32:1,5
**entitled** 11:19
17:10,11,12,22
33:25
**entitles** 10:13
**entity** 8:25
12:7 14:23
24:21
**equal** 14:1 28:3
**equals** 10:22
**equitable**
10:13,17
**equity** 8:22
10:10,24 13:1
15:13 16:10,12
16:13,14 18:6
19:4 21:22
22:22 24:24
25:5,7,16 28:1
28:3,6 29:23
35:2
**equivalent**
14:2
**establish** 10:10
19:7 20:5,11
33:24
**establishing**
34:1
**estate** 11:23
18:7,13 19:2
25:16 28:9

34:21
**estimate** 25:4
**eve** 24:16
34:18
**evening** 8:15
32:9
**event** 27:20
**everybody**
23:2 35:18
**evidence** 9:22
19:15
**evidenced** 27:5
**evolved** 21:12
**exactly** 25:15
**excellent** 23:6
**excess** 16:11
**executed** 19:12
19:15 20:7,15
31:7
**executive**
20:23,24
**exhibit** 21:4,4
24:4,9 25:18
**exhibits** 21:3
**expense** 18:12
**expires** 18:20
**extensive** 9:20
**extent** 18:5

**f**

**f** 1:21 24:4 38:1
**face** 30:24
**facie** 9:11
**fact** 15:18 20:3
27:5,12 30:4
30:11 34:5
**facts** 15:25
33:11

**failed** 9:10
19:7 20:11
23:21
**failing** 23:22
**fails** 9:22
**fair** 28:12
**faith** 22:23
34:11
**fall** 12:3
**falls** 27:2
**far** 12:1 26:15
**favor** 20:8,16
35:18
**february** 1:15
7:2 8:13,14,16
8:19 9:19
18:20 24:12
32:5,9
**federal** 3:19
**fee** 2:1 10:7
18:4 31:23
**fees** 6:21 11:17
35:24,24
**feldman** 19:24
26:11,12
**file** 22:16 27:17
**filed** 2:2,8 5:19
7:1 8:13,14,15
14:24 15:8
18:9 19:6
22:22 24:5,15
24:17,23 26:1
27:3 30:23
31:24 32:8,10
32:14,15 33:2
34:5

**filing** 8:18
25:23 33:3,4
33:17 34:2
**filings** 8:25 9:1
33:5,12,22
34:10,13,17
**final** 15:6
19:22 24:10
26:10 30:13
**financing**
24:22
**find** 34:13
**finding** 34:12
34:17
**finds** 33:17
**fine** 30:23
**first** 6:17 9:14
11:21 14:25
18:8 20:17,22
23:4 26:3 27:1
28:16 31:24
32:2,12,15,18
35:9,10
**floor** 3:12 4:3
**following** 34:9
**foreclose** 13:18
14:2
**foreclosure**
10:14,18,20,22
11:3 14:1,18
14:20,21 15:5
15:6,7 17:15
19:8,19,23
23:24,25 24:1
24:11,13,14,16
24:18 26:9,10
27:11,13,14

28:3,6 31:17
31:20,25 32:4
32:7,14,19
34:18,20
**foregoing** 38:3
**formed** 17:14
26:17
**forward** 24:18
**found** 10:4
32:12
**four** 11:4 14:24
24:4 32:16
**fraud** 17:16
**fraudulent**
14:23
**fremd** 3:5
**frivolous** 15:24
15:25 34:25
**functioning**
17:9
**funding** 19:10
19:13,16 20:16
20:22,25 23:11
31:7
**further** 9:23
17:24 30:20
**futile** 35:17

**g**

**g** 5:1 8:10,11
8:11 9:12,12
**g55** 8:8
**generally** 33:5
**give** 7:18 20:9
20:9 22:25
35:5,6 36:3
**given** 28:12

**gives** 9:1
**go** 5:12 12:5
19:16 20:2,9
26:5 27:2,23
28:7 31:3
32:21 36:16
**going** 11:22
13:7,7 15:10
16:18,20 17:3
17:7 22:11
31:3 33:11
35:5,7,11
36:12,12
**good** 5:13,16
6:1,23 22:23
35:12,13
**gotten** 18:14
26:23
**grant** 34:21
**granted** 6:8
7:21 13:5,7
15:1 22:5,10
24:2,7 25:23
29:23 31:21
35:21,22 37:5
37:6
**granting** 8:5,6
8:6,7 24:8 32:2
33:6
**greater** 11:3
19:4
**greenwald**
3:10,15 28:19
28:19,23 29:3
29:7,9,13,17
29:20

**grounds** 9:1,4
23:7
**guess** 12:4 17:1

**h**

**h** 24:9
**hac** 5:19 6:7
**hand** 28:14
**hands** 15:13
**hang** 6:16
**happens** 7:17
13:3
**harold** 5:4
**hear** 23:2
**hearing** 2:1,7
2:11 5:21 6:25
7:7
**held** 7:1
**hershey** 1:22
**higher** 22:13
22:15 28:5
**hinder** 11:15
33:18 34:2,8
34:14
**hindered** 16:2
**hire** 28:9
**history** 16:1
25:22
**hold** 17:12
**holder** 16:8
20:18
**holders** 2:4 8:3
**holds** 10:15
17:10,11
**hon** 1:22
**honor** 5:9,13
5:14,16,18
6:10,18,23 7:9

7:11,15,23
13:24 16:21
18:17,22 23:2
23:5,17 25:1
25:16 26:5,6
26:14,25 27:1
27:25 28:10,18
28:19 29:4,13
29:17 30:16
36:11
**host** 15:12
**huge** 12:21
**hung** 8:18
**hyde** 2:25 38:3
38:8

**i**

**idea** 35:2
**ilevu** 2:8
**illogical** 15:24
18:4 25:17
**illusory** 18:3
**immediately**
22:16,17
**impaired** 13:8
**imposed** 11:16
**improper**
14:11 15:14,15
15:19 22:1
28:2 35:3
**improperly**
13:11
**inability** 18:3
**including**
15:12 35:18
**income** 17:9
18:2 24:22,23
25:20

**inconsequent...**
12:23
**incorrect** 14:19
**indicate** 34:11
**indicated** 25:1
26:6
**indicates** 33:3
**indicating**
27:18
**indiscernible**
5:11 6:22 9:3
9:10,14 10:1,4
10:15,25 11:10
11:13,13,18
13:2,3,20
17:23 18:1,11
18:14,15 19:10
19:11,16 20:17
22:10 23:9
25:23 27:12
29:3,18,20
30:5 31:6,8,17
32:15,25 33:10
33:22 35:1
**ineffective** 26:1
**inferred** 34:9
**initial** 23:24
**instant** 10:14
16:1
**insufficient**
20:5
**insurance** 6:22
6:24,25 18:12
18:14,16,19,20
18:22 19:2
**intend** 25:21

**intends** 11:1
**intent** 25:7
**interest** 9:4,15
10:4 21:6
33:16,20
**interim** 8:5
25:24 26:15
31:2,4 33:6,7
33:13 34:15,21
35:6,21 37:6
**interpreted** 9:2
**investment**
17:13 27:6
35:19
**involve** 33:19
**involvement**
29:12
**irrelevant**
31:19
**irs** 11:24 12:1
**issue** 19:25
20:1,13 26:13
32:4
**issued** 33:9
**items** 7:5

**j**

**jacobs** 2:7 4:1
5:10,20 6:13
7:6
**january** 7:1
24:11 32:5
**jealous** 6:6
**jennifer** 4:6
5:18 26:25
27:24 28:10
**job** 23:6

**jonathan** 2:2
**judge** 1:23
35:11 36:5
**judgment** 15:6
19:23 24:11
26:9,10 32:4
32:20 34:20
**judicata** 19:24
**july** 17:14 24:2
24:3 31:20
**june** 18:10
22:22 24:14,16
32:7,10

**k**

**keep** 23:8 33:8
**kind** 23:6 35:2
**kings** 31:9
**know** 12:5
13:19 15:11,11
15:12 16:20
17:1,4,16,22
19:4,21,23
25:9,12 26:20
26:21 29:2,11
29:15,21 30:13
30:22,23 31:19
35:11,15,17
**known** 8:9
**knows** 29:1

**l**

**lack** 8:21,22
11:8 13:1
14:13,15 16:4
16:12,13,14
19:4 21:22
28:1 30:2,3

35:2
**lacks** 11:8
29:23
**language** 9:2
**lastly** 11:16
**late** 30:8
**lateef** 3:23 5:13
5:14 6:17,18
6:18 7:9,9,15
7:23,23 18:16
18:17,17
**law** 3:10 9:1,3
10:11 17:4
**ledanski** 2:25
38:3,8
**left** 18:7 25:5
**legal** 10:7
38:20
**lemma** 34:3,7
**lender** 12:8
15:16
**liberty** 1:7 2:9
5:3,6 8:9 24:16
29:11 32:10
**lien** 10:12,15
12:1,2
**lienholder**
10:13 11:12
**lift** 5:21 15:1
**likely** 12:15
**limited** 10:19
**line** 31:5 37:4
**liquidate** 24:20
**liquidating**
17:5
**liquidation**
16:23 17:4

**literally** 26:17
**little** 12:20
  30:7 32:17
  33:1
**llc** 20:22
**llc's** 19:11
**llp** 3:3
**loan** 17:20
  20:23 21:11,13
  22:21 23:13,15
  31:12
**loans** 13:13
  18:5
**logic** 15:24
**long** 8:18 13:18
**look** 11:22
  17:16 18:22
  20:13
**looked** 20:12
**looking** 18:21
**looks** 22:25
**lord** 1:22
**lost** 25:10
**louisiana** 5:25
  6:3,4
**love** 15:21

**m**

**m** 3:15
**made** 7:3 13:4
  18:8 19:20
  30:6,6 31:13
  34:23,24
**madison** 4:3
**magically**
  33:11
**maintained**
  18:11 21:13

**major** 9:24
**make** 9:10 19:4
  23:22 26:2
**makes** 9:9 23:9
  25:17 36:2
**making** 6:14
  10:6
**management**
  1:7 2:9 5:3,3,6
  24:17 32:10
**march** 36:6,14
  38:25
**matter** 1:5 5:2
**mean** 12:19
  14:11 15:24
  22:3 25:10,10
  25:11 26:21
**means** 25:21
  34:18
**measure** 10:23
**mere** 20:3
**million** 16:6,10
  16:11 17:25
  28:8
**mineola** 38:23
**minute** 6:16
  13:20 19:17,17
  20:3,9,9
**missing** 13:23
**mod** 17:20
  23:15
**modification**
  23:13
**modified** 31:12
**modify** 9:11
**montalvo**
  34:11

**month** 31:15
**monthly** 25:17
**months** 14:20
  14:24 24:1,5
  32:13,16
**moot** 36:13
**morning** 5:13
  5:16
**mortgage** 2:5
  8:4 10:12,12
  11:24 14:16
  16:8 19:9,14
  20:15,17,19
  23:12,19 27:6
  27:7 31:7,10
  31:15
**motion** 2:1
  5:19,21 6:7,7
  7:3,14,19,19
  8:1 9:3 11:18
  11:18 13:5,6
  13:22 15:1
  20:12,13,15
  21:1 22:9,24
  23:7 24:4,7,9
  25:18 27:14
  29:22 30:10
  32:2 35:9,10
  35:21 36:2,5
  37:5,6
**motion's** 7:21
**movant** 8:14
  10:14,21 11:9
  11:17 15:23
  16:5,10,11
  17:18,19,24
  18:2,12 19:8

  20:21 22:20
  30:21 31:10
  32:20
**movant's** 10:16
  10:19 16:9
  18:2 21:6
**move** 24:18
**movement**
  9:17,22
**moving** 10:9
  16:7 17:8
**multiple** 33:21
  34:5,9

**n**

**n** 3:1 5:1 37:1
  38:1
**nancy** 1:22
**national** 2:3
  8:2
**nearly** 17:25
**necessarily**
  13:2 27:11
**necessary** 8:22
  9:13 11:4,6
  12:13 21:23
  29:24
**need** 26:20
  30:12,24
**needed** 16:25
**nelson** 2:2 3:3
  5:17
**never** 13:1
  27:25 35:8
**new** 1:2 3:13
  3:21 4:4 6:4
  8:9 10:11
  23:13,25 26:3

**nhl** 1:3
**night** 19:6
**nine** 32:13
**non** 8:6,7 12:11
**normal** 9:6,8
  9:16,23 12:20
**normally** 12:12
**note** 16:8 18:8
  19:9,11,12,13
  19:14 20:5,7,7
  20:21 21:5,8
  21:16,17 23:11
  23:19 25:25
  27:6,19 30:15
  30:21
**noted** 20:15
**notes** 15:4
**notice** 22:17
  24:15 30:17
  32:8
**noticed** 30:12
**noting** 28:20
**novel** 10:19
**november** 24:5
  31:23
**number** 27:4
**ny** 1:13 3:6,13
  3:21 4:4 38:23

**o**

**o** 1:21 5:1 38:1
**object** 7:11
  25:2
**objecting** 7:13
  36:8
**objection** 7:16
  8:15 19:6
  21:25 27:4

30:1 36:5
**obtained** 15:6
  18:23
**obviously** 17:5
  19:3 32:3
**occupational**
  9:6,16,23 10:7
**occupied** 13:16
**occupy** 16:16
**october** 23:10
  23:25 24:8
  31:5,10,11,18
  31:20 32:1
**offers** 30:7
**office** 3:17 5:14
  6:19 7:10,23
  18:18 31:9
**offices** 3:10
**oh** 6:6,14 17:11
  22:24 28:21
**okay** 5:6,23 6:1
  6:4,24,25,25
  7:4,17,22,25
  7:25 8:17
  12:25 15:4
  16:5 19:1 21:1
  21:18 22:4,9
  22:10,19 26:19
  26:22 28:15,21
  28:25 29:8,10
  29:14,22,22
  30:24 31:1
  34:16 36:15
**old** 38:21
**once** 33:10
**opening** 6:21

**operate** 17:10
**operating** 6:20
  25:18
**opinion** 15:21
**opportunity**
  26:4
**oppose** 7:20
  28:11
**opposed** 8:1
  9:3
**option** 11:9
**orally** 7:13
**order** 5:22 6:8
  7:21,24 8:5,10
  9:21 20:22
  24:8 27:22
  32:1 33:24
  35:10,22,25
  36:4
**orleans** 6:4
**owed** 18:5,6
  25:3
**owes** 6:20
**owing** 16:5,11
**owned** 8:8
**owner** 12:6
  16:8
**ownership**
  18:13 33:19

**p**

**p** 3:1,1 5:1
  25:18
**p.c.** 2:8 4:1
  5:10,20 6:13
  7:6
**page** 18:21
  30:17 37:4

**paid** 18:12,13
**pair** 33:12
**papers** 16:7
  23:7 24:4
  25:19,25
**park** 3:12
**part** 11:14
  15:25 33:18,19
  34:2,14,20
**parties** 32:19
**pass** 2:5 8:4
  20:20
**pay** 17:25
  20:22
**paying** 19:2
**payment** 10:17
  10:21 22:21
  23:22 30:6,6
  31:15
**payments** 10:6
  18:9 23:22
**pedro** 19:12,15
  20:7,15 31:5
**pending** 32:18
**permission**
  14:22
**petition** 24:6
  31:24 32:11,15
  32:22 33:17
**petitions** 33:2
**phh** 21:12
**plan** 7:2 11:1,7
  11:9 12:13,15
  12:15 16:17,19
  17:19,25 21:24
  22:20 24:25
  25:2 30:1

**plans** 17:5
29:10
**plaza** 1:12
**please** 5:4,5
**pm** 36:18
**point** 13:23
16:17 17:6
27:25 35:17
**portion** 13:15
**position** 7:8,11
7:12 8:13,20
8:23
**positions** 15:23
33:2
**possession** 21:7
27:9,19 30:15
30:21
**precludes**
19:24 26:12
**predecessor**
21:6 23:11
**presentment**
7:13
**president**
20:25
**pretty** 6:23
**price** 22:13,15
**prima** 9:10
**principal** 23:14
29:5 31:12,13
35:19
**prior** 8:18 12:6
14:11 17:25
**priority** 12:1
**private** 19:16
20:16 23:11
31:7

**privity** 11:8,11
12:9 13:15
14:13,15 15:16
15:18 17:19
22:2 35:4
**pro** 5:19 6:7
**probably** 17:12
**problem** 21:18
21:19,20
**proceed** 24:13
32:6
**proceedings**
36:17 38:4
**proceeds** 10:20
32:21
**produce** 10:20
19:13
**proof** 6:21
18:16 27:4,5
27:10,12
**proper** 8:12
10:23 12:9
20:14 21:2
**property** 8:8
8:17,22 9:4,7
9:12,15,16,18
9:19,21,24
10:2,4,10,12
10:16,18,23,24
11:2,6,11 12:7
13:2,4,11,18
16:9,23 17:11
17:12,12 18:3
18:5,10,19
19:9 21:23
23:12 24:19,20
25:4,5,8,22

26:9,16 28:2,6
29:11,23 30:4
31:8,21 32:13
32:16,24,24
33:13,15,16,20
33:22 34:20
35:16
**property's** 9:7
9:24 11:4
12:17 16:24
**proposed** 11:7
25:2
**proposes** 9:8
**proposing**
28:13
**protect** 9:5
**protected** 9:15
10:5
**protection** 8:21
9:9 10:6 18:9
22:23,25 30:3
30:3,6
**prove** 12:13
**proven** 10:21
**provided** 34:21
**provides** 33:14
**public** 32:6
**pull** 18:21
**purpose** 25:10
**pursuant** 8:10
8:11 33:25
**put** 27:16
30:12

**q**

**quarterly** 6:21
**question** 16:13
17:1 28:25

30:25 31:22
**qva9** 5:3

**r**

**r** 1:21 3:1 5:1
38:1
**raised** 27:3
**read** 15:21
**real** 8:7 11:19
11:23 17:11
18:13 19:2
23:12 28:9
32:23 33:15,16
33:22
**realistic** 11:7
17:18,24 24:24
**really** 20:6
**reason** 29:24
**reasonable**
10:22
**reasons** 15:12
**reassignment**
20:4
**receive** 10:21
**received** 23:22
**recognize** 14:4
14:7,9
**recommenced**
23:25
**record** 36:4
38:4
**recorded** 24:3
**recording**
31:11
**records** 29:25
30:18
**recourse** 12:11

**reema** 3:23
5:14 6:18 7:9
7:23 18:17
**reflected** 16:6
**reflects** 9:20
**refusing** 14:4,7
14:9
**regarding** 31:4
**regardless** 7:18
7:19
**registered** 2:3
8:2 20:18 31:9
**reimbursed**
11:18
**reiterate** 27:25
**reject** 15:10
**relationship**
29:1
**relevant** 31:5
**relief** 2:1 7:19
8:5,6,7,7 11:13
11:20 20:2,13
20:14 21:1
22:4,10,24
24:8 25:24,24
26:2,15 27:14
27:16 28:11
29:22 30:17
31:2,4 32:2
33:6,7,13,25
34:7,21 35:7
35:21,22 37:5
37:6
**relieve** 13:25
**relying** 9:12
**rem** 23:3

**remaining**
31:12
**remedy** 10:13
10:18
**remodeled**
10:1
**remodeling**
9:25
**remodify** 13:13
**remove** 21:3
**renders** 28:5
**renovations**
9:21
**rent** 25:21
**reorganization**
8:23 9:13 11:5
11:6 12:14
16:24,25 17:3
17:5 21:23
24:25 25:2
28:13 29:24
**reorganizing**
25:21
**repairs** 9:20
**repeatedly**
34:19
**replied** 8:14
**reply** 8:14 12:5
15:21 26:3
**reported** 18:16
**reports** 6:20
25:18
**required** 11:11
**requirements**
13:22
**requires** 9:24
12:14

**res** 19:23
**respect** 8:7
30:2,9 31:2
33:14 36:1
**respected**
15:21
**response** 19:5
**return** 11:3
32:20
**richmond**
34:16
**right** 6:7,16
7:13,18,21,25
10:17 13:4,17
13:18 15:21
16:21 19:5
20:12 21:15
25:15 26:8,12
27:24 28:16,22
29:6 36:15,16
**rios** 19:12,15
20:7,16 23:16
24:1 29:2,8,10
31:6,14,19,21
32:12
**rises** 27:2
**road** 38:21
**rooker** 19:24
26:10,12
**rule** 23:2
**rulings** 37:3
**run** 28:11
**rye** 3:6

**s**

**s** 3:1 5:1
**sale** 10:9,20,22
11:2,3 14:18

15:7,7 16:3
19:23 22:17
24:11,14,14,15
24:16,18 25:12
25:16 26:10
28:4,6,14 32:4
32:7,7,8,9,11
32:21,21,21
**sales** 34:18
**sanctions**
11:16
**saying** 13:20
13:24 17:2
25:14
**says** 11:10,13
13:7 16:13
17:4 30:18,20
**scheduled** 15:7
24:13,14 32:7
34:18
**schedules**
24:22
**scheduling**
32:6
**scheme** 11:14
33:18 34:2,14
**schooner** 20:5
20:7,16,23
**second** 7:18
10:3 15:8
20:23 31:3
32:13
**section** 34:7
**secured** 8:1
13:12 16:15
19:9,14,15
32:25 33:16,21

33:25

**securing** 23:12

**see** 6:8,17 7:3
7:17 11:21
12:24 15:22
17:1 18:19
21:2,2,18,19
21:20 27:9
30:10 31:4
34:7

**seek** 20:2

**seeking** 16:22
24:20

**seeks** 11:16
24:19

**seen** 22:20

**sell** 11:2,11
13:6 16:23
22:12,14,19,20
24:19 25:7
26:8 28:9
35:10

**sense** 11:19
23:9 25:17

**separately** 5:5

**series** 2:5 8:5
20:20

**served** 24:15
32:8

**service** 21:1
26:1

**servicer** 21:12
21:13 27:18
30:15

**servicers** 27:9

**shape** 6:23
12:18

**shell** 17:10

**show** 9:17
19:14 20:14
24:23 25:19
34:24

**shown** 19:8

**signature** 38:6

**signed** 17:14
20:24 21:3
23:12

**signing** 20:8

**simple** 27:5

**situations**
13:14

**six** 34:12

**sixth** 34:14

**slavutin** 4:7
5:9,9 18:23,25
28:18

**small** 2:4 8:3,3
11:23 20:19

**solutions** 38:20

**somebody**
13:21,23 28:16
28:25 33:8

**sonya** 2:25
38:3,8

**sorry** 11:5
29:18 31:4,13

**south** 3:12

**southern** 10:25

**speak** 26:23

**special** 19:14
28:23

**specifically**
19:10

**standing** 6:1
19:7,17,19
20:1,11,14
21:19,19,21
26:8 27:2,3,10
27:13,14 30:9
30:10

**start** 26:25

**state** 9:20
19:20 24:10
27:8,8 32:20

**stated** 31:8

**statement** 7:2

**states** 1:1,11
3:17,19 5:15
6:19 7:8,10,13
9:14 18:18
20:8 22:6
29:16

**status** 2:11
6:17,25 19:17

**statute** 9:2,2

**stay** 2:1 5:21
8:6,11,12 9:11
10:5 13:22
15:1 19:12,17
20:2 22:4 24:8
25:24 27:15
29:23 30:17
32:2 33:10,10
33:14 35:21,23

**stayed** 32:18
32:21

**staying** 24:17
31:24 32:11

**stipulate** 36:2

**stipulated** 22:5

**stipulation**
8:19 15:3

**stop** 17:15

**strategically**
34:10,12

**street** 3:20 8:8

**stuff** 12:5

**subject** 9:16
31:21

**subsection**
33:15

**subsequent**
10:1

**sufficient** 34:6
34:13,21

**suite** 3:5 38:22

**sum** 31:6

**supplemental**
8:15 19:6

**sur** 26:3

**sure** 16:18
21:10 27:22

---

**t**

**t** 38:1,1

**take** 11:22
21:20 27:15

**taken** 8:24

**talk** 23:3 26:21

**talking** 11:25
19:18 22:19

**tax** 11:23

**taxes** 11:23,23
18:13 19:3

**tcn** 1:7 2:9 5:2
5:6 6:13 24:16
29:11 32:10

36:6

**tear** 9:6,8,17
  9:23 10:7
**tell** 6:15 34:22
  35:6
**telling** 13:10
  13:14
**tenant** 10:1
**tenants** 10:1
**terms** 31:14
**terrible** 12:18
**tests** 11:20
**texas** 6:3
**thank** 5:15
  6:10,18,23
  7:11,24 23:5
  23:18 25:14
  30:22 36:15
**theodore** 3:5
**thing** 17:2
  30:13 35:1
**things** 13:13
**think** 6:16
  15:11,13 22:23
  27:2 28:8,12
  30:4 33:9
  34:23,24
**third** 10:9
**thursday** 5:19
**time** 8:19 26:3
  26:22 27:3
  29:12 31:5
  34:1 35:8,9
**timed** 34:10,12
**timely** 21:1
**timing** 8:25
  26:15,15 33:4

**title** 17:10,13
  31:21
**titled** 24:2
**tlt** 14:24
**today** 7:5,7
**took** 15:15,15
**total** 16:5
**totally** 25:10
  34:25
**touches** 30:13
**touching** 26:13
**transcribed**
  2:25
**transcript** 38:4
**transfer** 8:24
  12:9 13:11
  14:6,11,17
  15:14,15 22:1
  26:16 28:2
  29:12 32:24
  33:12,19
**transferee**
  14:12 15:17
**transferred**
  14:22 29:14
  32:12,16
**transferring**
  14:12
**transfers** 12:6
**tried** 22:4,9
**trouble** 27:21
**true** 18:24 33:7
  38:4
**trust** 2:3 8:2
**trustee** 2:3
  3:17,18 5:15
  6:19 7:8,10

18:15 20:18
  22:6 36:2
**trustees** 8:2
  18:18
**try** 18:20 22:11
  22:11 23:8
  25:7
**twice** 33:10
**two** 8:25 9:1,7
  18:5 20:21
  32:23 33:5,12
  34:17
**type** 13:13
**typically** 28:5

## u

**u.s.** 1:23 3:4,18
  18:15 36:2
**u.s.c.** 33:22
**ultimately** 18:1
  23:20 31:18
**unauthorized**
  14:15
**unaware** 29:4
**under** 10:11
  13:4 14:1
  22:19 28:4
  33:15 34:7
  35:16
**underlying**
  16:8 27:7
**understand**
  11:21 12:4
  14:14
**understanding**
  22:8
**united** 1:1,11
  3:17,19 5:14

6:19 7:8,10
  18:18 22:6
**unknown** 1:25
**unpaid** 31:12
**unsecured** 12:2
  12:22,24 13:15
  13:17
**uphill** 6:15
**upload** 7:21,24
  35:22,25
**use** 16:2 17:22
  17:22 36:6
**utilize** 15:14
  25:22

## v

**vacatur** 8:10
**valuable** 28:14
**value** 9:5,7,18
  9:22,24 14:1
  18:3,4,11 25:4
  28:5
**valued** 16:9
**varick** 3:20
**veritext** 38:20
**vice** 5:19 6:7
  20:24
**view** 21:24
  28:1
**virtue** 15:18
**voluntary** 24:6
**vote** 13:8 16:18
  16:20

## w

**waive** 35:23
**waiver** 8:11
  35:23,24

**walk** 22:12,16
22:24
**want** 25:13,13
25:13 26:21
27:21 36:1,6
**wants** 26:22
**washington**
5:25
**water** 11:24
12:2 13:4 14:2
35:16
**way** 16:4 22:11
22:15 30:7,8
**wayne** 3:10,15
28:19
**wear** 9:6,8,16
9:23 10:7
**weissberg** 3:8
5:16,17 12:19
14:19,19 15:5
16:18,20 21:7
21:9,11,17,25
22:7,7 23:4,5
23:17,19 25:15
26:14,19 27:15
27:22 29:18
30:14,16,16,20
35:22 36:11
**weissberg's**
30:2
**winner** 22:25
**won** 35:24
**word** 27:15
31:4
**words** 12:12
**work** 35:20

**working** 18:18
**works** 35:19
**worksheet** 16:7
30:17,25
**worn** 9:18
**worth** 12:17,20
18:6 22:14
**written** 32:8

**x**

**x** 1:4,10 37:1

**y**

**yakubov** 2:8
**yeah** 6:7 7:4
14:14 19:1
27:13
**year** 23:23
**years** 6:3
**yesterday** 26:1
**yield** 11:3
25:16
**york** 1:2 3:13
3:21 4:4 8:9
10:11